# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

FILED

98 MAY 1 AM 9: 49

U.S. DISTRICT COURT
N.D. OF ALABAMA

ABDULLAH MUHAMMAD,                    )
                                      )
                    Plaintiff         )
                                      )
        vs.                           )        CASE NO.  CV98-HGD-0674-NE
                                      )
TOGO D. WEST, JR., Secretary          )
of the Army,                          )
                                      )
                    Defendant         )

ENTERED

MAY  1 1998

## MEMORANDUM OPINION

The above-entitled civil action is before the undersigned magistrate judge pursuant to the

consent of the parties to the exercise of jurisdiction by the magistrate judge, 28 U.S.C. § 636(c), Rule

73, Fed.R.Civ.P., and LR 73.2.  For consideration is the defendant's Motion to Dismiss, or, in the

Alternative, Motion for Summary Judgment.

Mr. Muhammad originally filed this *pro se* action in the Circuit Court of Madison County,

alleging defendant discriminated against him with respect to employment, on the basis of his religion.

He alleges he was denied a position as a federal security guard in January 1997 because he is a

Muslim.  The action subsequently was removed to federal court on March 23, 1998, pursuant to 28

U.S.C. §§ 1441 and 1442(a)(1).

On March 30, 1998, defendant filed a motion to dismiss this action or for summary judgment

in his favor.  As grounds, he avers this action appears to be in the nature of an employment

discrimination action.  It is contended dismissal is warranted because Mr. Muhammad never pursued

the administrative remedies which are a prerequisite to the filing of a civil action. Defendant also asserts service of process was deficient. Plaintiff was afforded the opportunity to respond to defendant's motion. To date, no opposition to the motion has been received from Mr. Muhammad.

In order to state a cognizable claim for discrimination based on religion, an applicant for federal employment must present his claim to an Equal Employment Opportunity (EEO) counselor within 45 days of the alleged discriminatory action and pursue the additional administrative process set out in 28 C.F.R Part 1614.[1] *Brown v. General Services Administration*, 425 U.S. 820, 832, 96 S.Ct. 1961, 1967-68, 48 L.Ed.2d 402 (1976); *Grier v. Secretary of the Army*, 799 F.2d 721, 724 (11th Cir. 1986). The uncontroverted sworn statement of Ida Y. Kilgore, an EEO Manager at the U.S. Army Aviation and Missile Command, establishes that Mr. Muhammad did not seek EEO counseling or file an EEO complaint related to his non-selection as a security guard in January 1997. Because he did not initiate or exhaust the required administrative procedures, his complaint is not cognizable in this court.[2]

---

[1] Title 29 C.F.R. § 1614.105(a)(1) provides:

> (a) aggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age, or handicap must consult a counselor prior to filing a complaint in order to try to informally resolve the matter.
>
> > (1) an aggrieved person must initiate contact with a counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.

[2] Defendant's argument regarding insufficient service of process also is well-taken and serves as an alternative ground for dismissal.

2

Based on the foregoing, defendant's motion to dismiss, or, in the alternative, motion for summary judgment is due to be granted.  A separate order in accordance with this memorandum opinion will be entered contemporaneously herewith.

DONE this ___l___ day of May, 1998.

HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE

3